IN RE APPROPRIATION FOR HWY. PURPOSES OF LAND OF HENDERSHOT.

[Cite as In re Appropriation for Hwy. Purposes, 14 Ohio App. 2d 205.]

(No. 8931—Decided June 11, 1968.)

*Mr. Theodore R. Saker,* for appellants, Jacob C. Hendershot and others.

*Mr. William B. Saxbe,* attorney general, and *Mr. Joseph J. Poorman,* for appellee, Pearl E. Masheter, Director of Highways.

DUFFY, J. This is an appeal from a judgment of the Common Pleas Court holding that the landowner had been duly and legally served with notice of the appropriation of his property and failed to perfect an appeal in the manner and within the time limitations as required by law. (Section 5519.02, Revised Code.)

On April 6, 1967, the highway director filed his resolution and finding with a deposit in the Common Pleas Court. There was also filed a praecipe commanding that service be made on the property owners, Jacob C. Hendershot and Josephine L. Hendershot, the Auditor of Franklin County and the Treasurer of Franklin County. The sheriff's return shows that the treasurer, auditor and Jacob C. Hendershot were each served personally on April 6, 1967, and that resident service was made on Josephine L. Hendershot. The return of the sheriff was filed in the Common Pleas Court on April 10, 1967. The petition of

intention to appeal was filed in the Common Pleas Court on May 10, 1967. On May 17, 1967, the highway director filed a motion to strike the purported petition of intention to appeal for the reason that the record indicates that service was made on April 6, and the petition of intention to appeal was not filed within 30 days after the service of the notice as required by Section 5519.02, Revised Code.

The attorney for the appellants filed the following memorandum in opposition to the motion of the highway director:

"Counsel for the appellants represents another landowner living one-half block from the premises of the herein appellant. On April 10, 1967, said counsel was telephoned by both clients that they had been served with a summons in their respective cases. Both said cases are still presently pending in this court and the second client, Mr. and Mrs. Paul C. Hoffman, were served on April 10, 1967, and the return filed by the sheriff substantiates said service on April 10, 1967. It is the position of the within appellants that they were likewise served on April 10, 1967, and that their appeal was timely filed."

The motion of the highway director to dismiss was sustained and a motion for reconsideration was overruled. An appeal has been taken to this court claiming the trial court erred in sustaining the motion to dismiss for the reason that the trial court disposed of the motion without taking any evidence. Appellants contend that the testimony of the property owners and the testimony of the deputy sheriff who made the service on the property owners should have been taken.

Surely the statement of an attorney to the court, such as was made in the memorandum in opposition to the motion to dismiss, should inspire an investigation on the part of the court and the Attorney General to make certain that the return of the sheriff was not in error. They are public servants, and there is a possibility an error has been made by the deputy sheriff in the filing of his return of service on the property owners. If two neighbors were served on the same day, one should not be deprived of his day in court

when both filed their petition of intention to appeal on the same day. The better practice in such a case would be a judicial determination or inquiry as to the correctness of the return, rather than the acceptance of a presumption.

The judgment of the court is reversed and the cause remanded with instructions to take testimony to determine with certainty the day of service.

*Judgment reversed and cause remanded.*

DUFFEY, P. J., and HERBERT, J., concur.